FILED

**NOT FOR PUBLICATION**

DEC 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E. BERTITA TRABERT GRAEBNER, individually and as Trustee of the El Nora L. Trabert Irrevocable Trust; et al., | No. 13-16992 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-01694-WHA |
| v. | MEMORANDUM[*] |
| WM. PAGE & ASSOCIATES, INC., a foreign corporation and WILLIAM SCOTT PAGE, an individual, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted November 20, 2015
San Francisco, California

Before: MELLOY,[**] IKUTA, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Bertita Trabert Graebner, Tallie Trabert, and Vernon Trabert appeal the district court's entry of summary judgment in favor of defendants Wm. Page & Associates, Inc. and William Scott Page ("the Page defendants") on statute of limitations grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Based on Tallie Trabert's letter and email correspondence, there is no genuine dispute of material fact that she was on inquiry notice in 2008 due to her actual suspicion of fraud by the Page defendants. *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). Vernon Trabert and Bertita Graebner were aware of facts that would place a reasonable person on inquiry, specifically that Tallie Trabert suspected fraud and that their viatical investments had failed to perform as promised, and therefore were also on inquiry notice. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110–11 (1988). Once the plaintiffs were on inquiry notice, they were "charged with knowledge of facts that would have been discovered" by a reasonable investigation, *Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 921 (1989), notwithstanding any reassurances made by the Trabert family attorney, Michael James.

Although the plaintiffs were on inquiry notice in 2008, there is a genuine issue of material fact as to whether they conducted a reasonable investigation and what such an investigation would have revealed. A rational jury could conclude

2

that a reasonable investigation would not have revealed that the Page defendants knew or should have known of the problems in the viatical industry at the time they induced the plaintiffs to make their investment. The only evidence in the record on this point is an excerpt from a 1998 book on the viatical industry, which in turn cited a handful of additional public sources. Viewed in the light most favorable to the plaintiffs, this evidence is insufficient to establish that the plaintiffs' causes of action accrued more than three years before they filed this suit. *See, e.g.*, *Tucker v. Baxter Healthcare Corp.*, 158 F.3d 1046, 1050 (9th Cir. 1998); Cal. Code Civ. P. § 338(d).

**REVERSED AND REMANDED**.